115 S.W.3d 188 (2003)
In the Matter of Z.L.B.
No. 05-00-00222-CV.
Court of Appeals of Texas, Dallas.
August 15, 2003.
Rehearing Overruled September 22, 2003.
*189 Shirley Bryant, Balch Springs, George E. Ashford, III, Dallas, for Appellant.
William T. (Bill) Hill, Jr., Charles Patrick Reynolds, Assistant District Attorney, Dallas for Appellee.
Before Justices MORRIS, MOSELEY, and FITZGERALD.

OPINION ON REMAND
Opinion by Justice MORRIS.
This case involves an adjudication that Z.L.B., a juvenile, engaged in delinquent conduct by committing indecency with a child. When appellant originally appealed to this Court, we determined that the evidence against appellant was legally sufficient but concluded that the trial court had erred by admitting certain hearsay testimony into evidence. The Texas Supreme Court granted the State's petition for discretionary review on the hearsay matter, reversed this Court's judgment, and remanded the case to us for further proceedings.[1] We now must address the factual sufficiency of the evidence against appellant and determine whether the trial court erred by admitting appellant's written statement into evidence. We conclude the evidence is factually sufficient and the trial court did not err in admitting the complained-of evidence. Accordingly, we affirm the trial court's judgment.
Appellant, twelve years old at the time of the alleged offense, was accused of engaging in sexual contact with his little brother with the intent to arouse and gratify his own sexual desires. See Tex. Pen. Code Ann. §§ 21.01(2), 21.11(a)(1) (Vernon 2003). He complains in his first issue that the evidence against him is factually insufficient to support his adjudication. He specifically contends the evidence does not show he engaged in sexual contact with his brother or, alternatively, does not show he engaged in the contact with the intent to arouse or gratify his sexual desires.
In a written statement to police, appellant admitted he had pulled down his brother's pants and touched his brother's "private" four or five times in a closet and in a living room. He also stated that he felt bad about what he had done. This statement was admitted into evidence at appellant's trial.
The director of the brother's daycare center testified as an "outcry witness" at the trial. She stated that appellant's brother told her appellant was "touching *190 his privates" and he wanted it to stop. On hearing that allegation, she contacted Child Protective Services, but the brother was "close-mouthed" with the police when the officer attempted to talk with him. At that time, the daycare director let the matter drop.
The daycare director next testified that appellant's brother later made a second claim that appellant was touching his "privates." When he said "privates," he pointed to his genital area. She asked him to indicate on her hand how appellant was touching him, and he rubbed "up and down" on her hand saying, "this is what he's doing to my privates." He also asked her to call the police so he could tell them what had happened. Afterward, he spoke with a police officer at the daycare center. At trial, appellant's five-year-old brother claimed he had lied when he told the police officer that appellant had touched his private part.
We apply the criminal factual sufficiency standard of review to juvenile adjudication cases. See In re J.D.P., 85 S.W.3d 420, 422 (Tex.App.-Fort Worth 2002, no pet.). Accordingly, we determine whether a neutral review of all the evidence demonstrates the proof of guilt is so obviously weak as to undermine confidence in the jury's determination or, although adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). Here, both the daycare director's testimony and appellant's confession show that he engaged in sexual contact. Despite the brother's claim he lied to the police officer, the evidence is factually sufficient on this issue. Moreover, evidence of the specific touching (supported by the facts that appellant engaged in some of the conduct hidden in a closet and both he and his brother felt bad about it) is factually sufficient to prove appellant had the requisite intent. We concluded in our initial opinion that the evidence against appellant was legally sufficient. See In re Z.L.B., 56 S.W.3d 818, 820-21 (Tex.App.-Dallas 2001). We now conclude the evidence is factually sufficient as well. We resolve appellant's first issue against him.
In his fourth issue, appellant complains the trial court erred by denying his motion to suppress the written statement. Appellant argues that because the police failed to notify a parent (as required by section 52.02(b) of the family code) when he was taken into custody, the statement was rendered involuntary and inadmissible under article 38.23 of the code of criminal procedure. Appellant also argues that his statement was not given freely or voluntarily because the detective who took the statement "suggested" what appellant should write.
We note first that appellant did not complain about the alleged failure to contact a parent in the motion to suppress or at the hearing on the motion. Accordingly, this complaint is not preserved for appeal. See In re E.M.R., 55 S.W.3d 712, 716 (Tex.App.-Corpus Christi 2001, no pet.); see also Tex.R.App. P. 33.1.
We next address whether the trial court erred in its determination that appellant gave his statement freely and voluntarily. A statement is involuntary only if there was "official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker." In re R.J.H., 79 S.W.3d 1, 6 (Tex.2002). When determining whether a trial court erred in failing to suppress a juvenile's allegedly involuntary statement, we defer to the trial court's findings of historical fact and determine de novo whether those facts show the juvenile's statement was made voluntarily. *191 See id. at 6-7. Because the trial court made no written findings of fact in appellant's case, we view the record in the light most favorable to the trial court's ruling. See id. at 7.
At the hearing on appellant's motions to suppress, the magistrate's written warning and appellant's statement were admitted into evidence. The magistrate's warning advises appellant, in part: "... you are not required to make any statement, ... but any statement made by you may be used in evidence against you.... If you do decide to discuss the offense or make any statement to law enforcement officers, you have a right to change your mind and end the discussion at any time." Appellant's statement contains the following pre-printed language: "I do make the following voluntary statement, the contents and nature of which I fully understand ..., of my own free will and without any promises or offers of leniency or favors, and through no fear, coercion or threat of any nature...." The language is followed by appellant's signature and the actual statement, handwritten by him.
The magistrate who gave appellant his statutory and constitutional warnings testified he believed appellant was aware of his rights when he gave his statement. He testified that appellant signed the statement out of the presence of any law enforcement officers. The detective who took the statement also testified. He stated that he had "no reason to think" that appellant failed to understand what he was doing. The detective stated that he did not promise appellant anything to persuade him to write the statement. He asserted that he did not tell appellant what to write in the statement but said he "would ask him questions as he was writing." The officer denied that the questions he asked were so "suggestive in nature [as] to lead him into writing what he may not have written originally." To explain why he asked questions while appellant was writing, the detective stated, "He initially started writing and showed me what he had written. And I asked him how many times it had happened. And he would begin writing again. And at another point, I asked him how he felt about it, and he began writing again." Appellant did not testify during the hearing on the motion to suppress.
After viewing the record in the light most favorable to the trial court's ruling and deferring to its credibility determinations, we cannot say the trial court erred by denying the motion to suppress. We resolve appellant's fourth issue against him.
We affirm the trial court's judgment.
NOTES
[1] See In re Z.L.B., 102 S.W.3d 120, 123 (Tex. 2003).