Opinion filed January 19, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed January 19, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00163-CV 

 

                                                     __________

 

                    IN
THE MATTER OF B.J.L., A JUVENILE, Appellant

 

                                                              

                                                              



 

                                              On
Appeal from the Juvenile Court

 

                                                        Midland
County, Texas

 

                                                     Trial
Court Cause No. 5118

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The trial court found that B.J.L. engaged in
delinquent conduct and committed him to the Texas Youth Commission until he
turned twenty-one.  We affirm.

The State=s
petition for delinquency alleged seven paragraphs of delinquent conduct.  The trial court found that B.J.L. engaged in
burglary of a habitation as alleged in the third and fifth paragraphs of the
State=s
petition. B.J.L. argues that the evidence is both legally and factually
insufficient to support the trial court=s
findings.








The adjudication of a juvenile as a delinquent is
based on the criminal standard of proof: 
beyond a reasonable doubt.  Tex. Fam. Code Ann. ' 54.03(f) (Vernon Supp. 2005).  An appellate court applies the same standards
applicable to challenges to the sufficiency of the evidence in criminal
cases.  In re L.F.L.T.B., 137
S.W.3d 856 (Tex. App.CEastland
2004, no pet.); In the Matter of Z.L.B., 115 S.W.3d 188 (Tex. App.CDallas 2003, no pet.); In the Matter
of E.R.L., 109 S.W.3d 123 (Tex. App.CEl
Paso 2003, no pet.); In the Matter of J.D.P., 85 S.W.3d 420 (Tex. App.CFort Worth 2002, no pet.).  To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak as to render the conviction
clearly wrong and manifestly unjust or whether the evidence supporting guilt,
although adequate when taken alone, is so greatly outweighed by the
overwhelming weight of contrary evidence as to render the conviction clearly
wrong and manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Goodman v. State,
66 S.W.3d 283 (Tex. Crim. App. 2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).

Rosa Galindo Ayala testified that someone kicked
in her door and burglarized her home. 
Ayala stated that her bedroom  was
Amessed up@
and that her jewelry box was open.  Ayala
was later called to the police station where she was able to identify a ring
and cell phone taken from her home. 

Sandra Scurlock also testified that someone had
broken into her home.  Scurlock said that
everything in the living room was Aturned
upside down.@  Scurlock was also called to the police
station where she was able to identify a Play Station 2 game system, some
games, Nike tennis shoes, and some DVDs that were taken from her home.








Officer Jesse Joe Ortiz, with the Midland Police
Department, testified that he responded to 
a call to assist in looking for suspects in a burglary.   Officer Ortiz stopped two young men who fit
the description of the suspects.  Officer
Ortiz identified B.J.L. as being one of the young men he stopped.  Officer Ortiz stated that B.J.L. was carrying
a Wal-Mart bag that contained a pair of Nike tennis shoes, three DVDs, a shirt,
a cell phone charger, a CD case, and other miscellaneous items. Officer Ortiz
also stated that the shoes B.J.L. was wearing had an imprint on the sole that
matched shoe prints left behind from a previous burglary investigation.

Detective Joe Rogers testified that he recovered
stolen property from B.J.L.=s
person and from B.J.L.=s
house.   Detective Roberts stated that
Scurlock was able to identify Nike tennis shoes and DVDs recovered from B.J.L.
as those taken from her residence. Ayala was also able to identify a cell phone
and some jewelry taken from her residence. 
Detective Rogers stated that he interviewed B.J.L. the night he was
detained.  A tape recording of that
interview was played for the trial court.  
During that interview, B.J.L. admitted that he and his stepbrother were
involved in two burglaries. B.J.L. stated that he kicked in the door of one
residence to gain access to the home. 
B.J.L. further admitted taking Nike tennis shoes and some DVDs and
placing those items in a Wal-Mart bag.  

We find that the evidence is both legally and
factually sufficient to support the trial court=s
finding that B.J.L. engaged in the burglary of the residences of both Scurlock
and Ayala.  All of B.J.L.=s points of error are overruled.

The order of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 19, 2006

Panel
consists of:  Wright, C.J., and McCall,
J.