Opinion filed January 11, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed January 11, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00385-CV 

                                                     __________

 

                               IN
THE MATTER OF J.W.R., Appellant

 

                                                              



 

                                        On
Appeal from the County Court at Law

                                                        Midland County, Texas

                                                     Trial
Court Cause No. 5219

 



 

                                                M
E M O R A N D U M   O P I N I O N

 

The trial court modified a prior disposition order
involving J.W.R., a fourteen-year-old boy, and entered an order committing
J.W.R. to the Texas Youth Commission (TYC). 
J.W.R. appeals.  We affirm.

On April 6, 2004, J.W.R. was placed on two years
probation for delinquent conduct and was probated to the Hendrick Home in Abilene.  On November 8, 2004, J.W.R. was expelled from
the Hendrick Home for noncompliance with his sex-offender treatment.  On August 23, 2005, following a hearing, the
trial court committed J.W.R. to the care, custody, and control of TYC.

Tex. Fam.
Code Ann. ' 54.05(f)
(Vernon Supp. 2006) permits a prior disposition order to be modified to provide
for commitment to TYC if (1) the original disposition was for conduct
constituting a felony and (2) the court finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court.








J.W.R. asserts in his first issue that the
evidence is legally and factually insufficient to show that the conduct
underlying his prior adjudication was a felony. 


To determine whether the evidence is sufficient in
a juvenile case, we apply the criminal standard of review.  In re L.F.L.T.B., 137 S.W.3d 856 (Tex. App.CEastland
2004, no pet.); In re C.C., 13 S.W.3d 854 (Tex. App.CAustin
2000, no pet.).  In order to address
J.W.R.=s
challenge to the legal sufficiency of the evidence, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.
Crim. App. 2000). To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d
477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Tex. Fam.
Code Ann. ' 54.05(e)
(Vernon Supp. 2006) states that the court at a hearing to modify a prior
disposition may consider written reports from a probation officer.  The written report prepared by Scott Kain,
who testified at the hearing, states, AOn
April 6, 2004, [J.W.R.] was placed on two years delinquent probation for the
offense of INDECENCY WITH A CHILD BY CONTACT.@  J.W.R. signed a written stipulation and
waiver in the April 6, 2004 hearing wherein he stipulated that he violated a
penal law of the grade of felony by engaging in sexual contact with a child
younger than seventeen years of age by touching her genitals.  See Tex.
Pen. Code Ann. '
21.11 (Vernon 2003).  Had appellant been
an adult, the offense would have been a felony of the second degree.   Section 21.11(d).  We overrule the first issue.  The evidence is both legally and factually
sufficient to support the trial court=s
finding that the original disposition was for conduct constituting a felony.








In the second issue, J.W.R. contends the trial
court abused its discretion by committing him to TYC rather than to a less
restrictive placement.  J.W.R.=s therapist, Emily Orozco, testified
that J.W.R. admitted to her that, while he was on probation in the summer of
2004, at a family reunion, he had had sexual contact with three younger girls
when he placed his finger in their vaginal area.  The therapist stated that she learned that
J.W.R. had downloaded pornography on the school computer, rented X-rated
movies, and had done some peeping on a fifteen-year-old girl through a window
as the girl was changing clothes.  Also,
he was involved in a lot of deviant masturbation.  The therapist stated that her primary
complaint was that there were new victims. 
She felt that, while the pornography was an outlet, the next step was
going to be a child.  She felt that
J.W.R. should be where he could be watched and be receiving intensive
therapy.  She believed that it Awould be great@
if J.W.R. was an Ainpatient@ and had a positive relationship with
his mother.  The therapist noted, AThat speeds up the process, and that
helps these kids move through this quickly.@

J.W.R.=s
probation officer testified that he believed that TYC would be the best place
for J.W.R.=s
placement.  In his opinion, TYC has the
best sex-offender program available, and he would have concerns if J.W.R. was
placed back into the community.

J.W.R.=s
mother testified that he was continuing to make positive improvement, and she
thought he would be better off staying with her and his stepfather in a family
atmosphere where he is surrounded with brothers and sisters who love him.  She stated he did not need to be locked
up.  The therapist acknowledged that
J.W.R.=s mother
was actively involved in his treatment but that she had to work and maintain a
home for her family.  The therapist
stated, A[I]t is
hard to watch a 15-year-old boy, and that=s
where we=re at
with [J.W.R.].@

The trial court made the following findings:

Having found the juvenile, [J.W.R.], to be a child
to have engaged in further delinquent conduct, the parties announced ready for
disposition, and the Court proceeded to hear evidence on the proper disposition
in this cause.  The Court, after
examining the pleading of the parties, hearing the evidence, and considering
the argument of counsel, finds that the child is in need of rehabilitation and
that the protection of the public and the child requires that a modification of
the previous disposition be made.

 








This Court finds that reasonable efforts have been
made to prevent or eliminate the need for the child to be removed from his home
and to make it possible for the child to return to his home.  This Court further finds that the child, in the
child=s home,
cannot be provided the quality of care and level of support and supervision
that the child needs to meet the conditions of probation.  Therefore, this Court finds that the best
interest of the child and the community will be served by placing the child
outside his home and committing the child to the care, custody and control of
the Texas Youth Commission:

 

(1) The child is presently experiencing problems
with the home environment and the community and it is necessary to place him in
an alternative situation in order for him to continue his education.

 

(2) Probation at home is not feasible as the home
is not capable of providing for the child=s
needs and will not serve his best interest, and the only alternative presently
available to the juvenile court consists of facilities provided by the Texas
Youth Commission.

 

(3) The parent has no control or influence over
the child, and, as indicated by his past activities within the community, the
community not only needs to be protected but the child needs to change his
behavior.

 

(4) The child has previously shown his inability
to adjust his behavior in the home environment and through the traditional
juvenile justice system within the community, and it appears to the Court that
he needs a structured environment to serve his best interest.

 

This Court further finds that the educational
needs of the child were assessed in the written report prepared by the
Probation Officer and will be adequately addressed in the treatment plan
prepared by the Texas Youth Commission.

 

See In re J.P., 136 S.W.3d 629 (Tex. 2004); see also
Tex. Fam. Code Ann. ' 54.05(m) (Vernon Supp. 2006)
(effective September 1, 2005, applicable to conduct committed before September
1, 2005).

We hold that the trial court
did not abuse its discretion in committing J.W.R. to TYC.  We overrule the second issue.

The judgment of the trial
court is affirmed.

 

AUSTIN McCLOUD

January 11, 2007                                                                      SENIOR
JUSTICE

Panel consists of:  Wright,
C.J.,

Strange, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.