Opinion filed February 15, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed February 15, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00151-CV

                                                    __________

 

                                          IN THE MATTER OF S.T. 

 

                                                              



 

                                         On
Appeal from the Court Court at Law 

 

                                                        Midland County, Texas

 

                                                  Trial
Court Cause No. JO5285

 



 

                                             M
E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating a
juvenile of delinquent conduct.  The jury
found that S.T. engaged in delinquent conduct by interfering with the public
duties of a peace officer. Tex. Pen.
Code Ann. ' 38.15 (Vernon Supp. 2006).  The trial court placed appellant on probation
for one year.  In three points of error,
appellant complains of insufficiency of the evidence, destruction of a significant
portion of a videotape that was introduced at trial, and evidentiary error. We
affirm.

                                             The
State=s
Petition for Delinquency Trial








The State alleged that appellant engaged in
delinquent conduct as defined in Tex.
Fam. Code Ann. '
51.03 (Vernon
Supp. 2006).  Section 51.03(a)(1) defines
delinquent conduct as Aconduct,
other than a traffic offense, that violates a penal law of this state or of the
United States
punishable by imprisonment or by confinement in jail.@  The State alleged that, on or about May 31,
2004, A[appellant]
did then and there with criminal negligence, interrupt, disrupt, impede, and
otherwise interfere with peace officers, to wit:  [Gregory] Kent Spencer and [Marquez]
Dominguez, while said peace officers [were] performing a duty and exercising
authority imposed and granted by law, contrary to Section 38.15, Texas Penal
Code.@

                                                        Sufficiency
of the Evidence

In her first point of error, appellant asserts
that the evidence was insufficient to support the jury=s
verdict.  In her brief, appellant
specifically challenges the legal sufficiency of the evidence to support the
jury=s finding
that she engaged in delinquent conduct. 
Appellant does not specifically refer to factual sufficiency of the
evidence in her brief.  However,
appellant did not limit her first point of error to a legal sufficiency
challenge.  Rather, appellant stated that
Athe evidence was insufficient to
support the verdict.@  Therefore, we construe appellant=s first point of error as attacking the
legal and factual sufficiency of the evidence.








The adjudication of a juvenile as a delinquent is
based on the criminal burden of proof: beyond a reasonable doubt.  Tex.
Fam. Code Ann. '
54.03(f) (Vernon
Supp. 2006).  Therefore, we apply the
same standards of review in juvenile cases challenging the sufficiency of the
evidence as we do in criminal cases.  In
re L.F.L.T.B., 137 S.W.3d 856, 858 (Tex.
App.CEastland
2004, no pet.); In re Z.L.B., 115 S.W.3d 188 (Tex.
App.CDallas
2003, no pet.); In re E.R.L., 109 S.W.3d 123 (Tex.
App.CEl Paso
2003, no pet.); In re J.D.P., 85 S.W.3d 420 (Tex. App.CFort
Worth 2002, no pet.).  To determine if
the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996).  Then, the reviewing
court determines whether the evidence supporting guilt is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15, 417; Johnson,
23 S.W.3d at 10-11. The jury, as the trier of fact, is the sole judge of the
credibility of the witnesses and of the weight to be given to their
testimony.  Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979).

The State alleged that appellant violated Section
38.15(a)(1) of the Penal Code.  Section
38.15(a)(1) provides that a person commits the offense of interference with
public duties if the person, with criminal negligence, interrupts, disrupts,
impedes, or otherwise interferes with a peace officer while the peace officer
is performing a duty or exercising authority imposed or granted by law.  Section 38.15(d) provides that it is a
defense to prosecution if the interruption, disruption, impediment, or
interference alleged consisted of speech only. 
Section 6.03 of the Penal Code defines criminal negligence:

A person acts with criminal negligence, or is
criminally negligent, with respect to circumstances surrounding his conduct or
the result of his conduct when he ought to be aware of a substantial and
unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree
that the failure to perceive it constitutes a gross deviation from the standard
of care that an ordinary person would exercise under all the circumstances as
viewed from the actor=s
standpoint.  

 

Tex. Pen. Code Ann.
' 6.03(d) (Vernon 2003).

Appellant argues that the evidence was
insufficient to support a finding that she violated Section 38.15(a)(1) for two
reasons.  First, appellant contends that
the evidence showed that her conduct during the incident in question consisted
of speech only.  Second, appellant
contends that the evidence failed to show that her actions interfered with the
duties of a peace officer.








Midland Police Officer Gregory Kent Spencer was
the only witness at trial.  Officer
Spencer testified that he was on patrol duty on May 31, 2004.  At about 1:20 a.m., Officer Spencer received
a call about an assault that had occurred at a residence on West Kansas Street in Midland. 
Officer Spencer said that, on his way to the location, a woman, whom
Officer Spencer identified as Ms. Wilkerson, waved him down and told him that a
person known to her had been choked at the residence.  The assault suspect resided at the
residence.  After talking with Wilkerson,
Officer Spencer then proceeded to the location. 
Wilkerson and several other people, including appellant and appellant=s brother, also went to the location in
a separate car.  Officer Spencer said
that Midland Police Officer Marquez Dominguez also responded to the call.  Officer Dominguez was not available to
testify at trial.  He was stationed with
the Army National Guard in Iraq.

Officer Spencer testified that Wilkerson and
several other people, including appellant and appellant=s
brother, got out of their car and walked to the suspect=s
yard.  Officer Spencer believed that they
were going to start a fight.  He said
that they were screaming at people who were standing on the front porch of the
residence.  Officer Spencer and Officer
Dominguez told Wilkerson and the others to get back in their car, but they
refused to get back in the car.   Officer
Spencer testified that Wilkerson appeared to be very upset.  Wilkerson and the other people with her did
not like Officer Spencer telling her to get back in the car.  Officer Spencer said that, although Wilkerson
and the others eventually moved back in the general direction of their car,
they were screaming at him about it.








Officer Spencer testified that he talked with  the victim of the alleged assault in front of
one of the patrol cars.  Officer Spencer
was attempting to find out the details of the alleged assault.  At the same time, Officer Dominguez was
talking with appellant=s
brother.  Officer Spencer said that
appellant=s brother
was upset.  Officer Spencer said that
appellant=s brother
was screaming and that he heard appellant=s
brother say that nobody was going to talk to his Amama@ the way that Officer Spencer had when
he told her to get back in the car. 
Officer Spencer testified that, as he was talking with the victim, he
realized that appellant=s
brother and Officer Dominguez were fighting and struggling.  Officer Spencer did not see or know what
started the struggle between appellant=s
brother and Officer Dominguez.  However,
the incident was videotaped by a camera in Officer Spencer=s patrol car, and the State introduced
into evidence a copy of the videotape. 
The videotape showed that Officer Dominguez and appellant=s brother were standing close to each
other.  The videotape then showed that
appellant=s brother
advanced toward Officer Dominguez until appellant=s
brother got up against Officer Dominguez. 
The videotape then showed the struggle between appellant=s brother and Officer Dominguez.  Officer Spencer testified that he ran over to
help Officer Dominguez.  Officer Spencer
said that, when he went to help Officer Dominguez, A[e]verybody
started coming after us hollering and screaming and telling us we couldn=t do that.@  At some point, the officers gained control of
the situation.  Officer Dominguez
handcuffed appellant=s
brother and placed him in the backseat of his patrol car.

Officer Spencer testified that, after Officer
Dominguez placed appellant=s
brother in the patrol car, the officers tried to talk with the victim.  Officer Spencer said that the victim was
extremely upset, and the videotape showed that the victim was upset about what
had happened to appellant=s
brother.  Officer Spencer tried to calm
the victim.  Officer Spencer said that he
shouted at the victim and told him to shut up. 
The suspect in the alleged assault of the victim was sitting on the
front porch of the residence.  The victim
said that he was going to get the suspect, and the victim headed to the front
porch of the residence.  Officer Spencer
said that the officers grabbed the victim and took him to the ground.  During the struggle with the victim, Officer
Spencer felt the victim=s
hands on his pistol.  Officer Spencer
then pepper sprayed the victim in the face. 
The pepper spray stopped the victim, and the officers put the victim
face down on the ground.  Officer Spencer
testified that, while the officers were handcuffing the victim, appellant
charged toward them.  Officer Spencer
said that appellant had been warned to back up several times.  Officer Spencer saw appellant approaching
Officer Dominguez out of the corner of his eye. 
Officer Spencer thought that appellant was going to hit Officer
Dominguez.  The videotape of the incident
showed appellant approaching the officers as Officer Dominguez was on his knees
over the victim.  As appellant approached
the officers, she left the camera area. 
The videotape then showed Officer Dominguez lunging in the direction of
appellant.  Officer Spencer said that
Officer Dominguez took appellant to the ground, handcuffed her, and placed her
in one of the patrol cars.








Officer Spencer testified that the actions of
appellant and of appellant=s
brother interfered with, disrupted, impeded, or interrupted the officers=s investigation of the alleged
assault.  Officer Spencer said that the
officers could not conduct the investigation of the assault because of the
series of events involving appellant and her brother.  Officer Spencer identified conduct of
appellant and her brother that interfered with the investigation.  Specifically, Officer Spencer said that the
officers could not get anything done because of the hollering and screaming of
appellant and her brother and the others, that appellant and appellant=s brother would not get back in their
car even though the officers told them to do so, that appellant=s brother became involved in the
struggle with Officer Dominguez, and that appellant charged toward the
officers.  Officer Spencer believed that
appellant was going to assault Officer Dominguez or him when she charged toward
them.  Officer Spencer was unable to talk
with the assault suspect during the series of events involving appellant and
appellant=s brother.

We hold, after reviewing the entire record, using
the standards announced above, that the evidence was both legally and factually
sufficient to show that appellant interfered with the public duties of a peace
officer and that appellant=s
conduct consisted of more than speech. 
The evidence established that Officer Spencer and Officer Dominguez were
performing their duties of investigating an alleged assault.  As they attempted to investigate the alleged
assault, appellant screamed and yelled at them. 
Although the officers instructed appellant to get back in the car,
appellant refused to do so.  Officer
Spencer testified that appellant charged toward the officers, and the videotape
showed appellant advancing toward the officers. 
The videotape then showed Officer Dominguez lunging in the direction of
appellant.  Appellant=s affirmative conduct of charging
toward the officers was more than speech.   


The evidence supports a finding that appellant=s conduct interrupted, disrupted,
impeded, or otherwise interfered with the officers while they were performing
the duty of investigating the alleged assault. 
The videotape showed Officer Dominguez=s
reaction to appellant=s
conduct.  Officer Spencer said that, as a
result of the series of events involving appellant and her brother, the
officers could not conduct the investigation that they were there to
conduct.  The evidence also supports a
finding that appellant ought to have been aware of a substantial and
unjustifiable risk that her actions in charging toward the officers would
interrupt, disrupt, impede, or otherwise interfere with the officers as they
tried to investigate the alleged assault.








Appellant cites Carney v. State, 31 S.W.3d
392 (Tex. App.CAustin
2000, no pet.), in arguing that the evidence was insufficient to support the
jury=s finding
that she interfered with public duties. 
In Carney, the State alleged that the defendant interfered with
the duties of a peace officer by blocking the entry into a residence. Carney,
31 S.W.3d at 396.  However, in Carney,
there was no evidence that the defendant blocked the police officer=s entry into the residence by physical
action.  Id. at 398.  In the absence of a physical action of
blocking the entry into the residence, the Carney court concluded that
the evidence was legally insufficient to support a finding that the defendant=s conduct constituted anything more
than speech.  Id.  Therefore, the court held that the
evidence was legally insufficient to support the defendant=s conviction for interfering with the
public duties of a peace officer.  Id. at 398.

This cause is distinguishable from Carney.  In this cause, appellant engaged in physical
action by charging the officers. 
Appellant engaged in this action despite instructions to get back in the
car and warnings to back up.   Unlike the
defendant=s conduct
in Carney, appellant=s
conduct did not consist of speech only. 
When a defendant undertakes affirmative physical action that interferes
with the public duties of a peace officer, the defendant=s
conduct does not consist of speech only. 
See Barnes v. State, 206 S.W.3d 601, 605-06 (Tex. Crim.
App. 2006) (defendant moved her vehicle forward during a traffic stop,
disregarded a police officer=s
safety commands by removing her hands from view, and shouted to her child to Arun@);
Berrett v. State, 152 S.W.3d 600, 604-05 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d) (defendant moved his arm to prevent
handcuffing and arrest); Key v. State, 88 S.W.3d 672, 676-77 (Tex. App.CTyler 2002, pet. ref=d) (despite officer=s instructions to stay on the sidewalk,
defendant stepped off of the sidewalk and approached people the police were
questioning).  

The courts in Berrett and Key held
that the evidence was legally and factually sufficient to support convictions
for interference with the public duties of peace officers.  Berrett, 152 S.W.3d at 604-05; Key,
88 S.W.3d at 676-77.  Similar to the
conduct of the defendants in Berrett and Key, appellant in this
cause engaged in affirmative physical action interfering with the duties of the
peace officers.

The evidence was legally and factually sufficient
to support the jury=s finding
that appellant interfered with public duties. 
We overrule appellant=s
first point of error.

                                                          Destruction
of Videotape








In her second point of error, appellant
asserts that the destruction of a significant portion of the videotape (State=s Exhibit No. 1) that was viewed by the
jury at trial requires the granting of a new trial.  The court reporter included a videotape as
State=s Exhibit
No. 1 in the reporter=s
record filed in this cause.  However, the
incident in question was not included in State=s
Exhibit No. 1.  After the parties filed
their briefs in this cause, this court entered an order directing the court
reporter to prepare a true and correct copy of the original State=s Exhibit No. 1 that was admitted into
evidence and played before the jury. 
Later, the court reporter filed a DVD containing a true and correct copy
of the events contained in the original State=s
Exhibit No. 1.  The DVD contains the
portion of the original State=s
Exhibit No.1 B the
incident in question B
that the State played for the jury during trial.  Therefore, we overrule appellant=s second point of error. 

                                                                Evidentiary
Issues

In her third point of error, appellant complains
that the trial court abused its discretion in allowing Officer Spencer, a lay
witness, to testify as to a matter about which he had no personal
knowledge.  In her brief, appellant sets
forth the following testimony that the State elicited from Officer Spencer:

[PROSECUTOR]:  Now, who was that who approached you and
Officer Dominguez while you were on the ground?

 

[OFFICER
SPENCER]:  That was [appellant].  It=s
the young female sitting over there at the table, a white top.

 

[PROSECUTOR]:  Your Honor, I would ask that the record
reflect the witness has identified [appellant].

 

[THE
COURT]:  Yes.

 

[PROSECUTOR]:  Now when she was coming up to you and Officer
Dominguez, what was your thought at that time as to her intent?

 

[OFFICER
SPENCER]:  I thought her intent was bad,
that she was going to try to assault either myself or Officer Dominguez.  That is what went through my head.    

On appeal, appellant asserts that the above
testimony was inadmissible because it constituted improper lay opinion
testimony regarding Officer Spencer=s
interpretation of appellant=s
acts and conduct.  Appellant also asserts
that the trial court erred in allowing Officer Spencer to testify regarding the
contents of the videotape because the jury could have fully understood the
videotape and drawn its own inferences from the videotape without Officer
Spencer=s
testimony.  Appellant also asserts that
the trial court erred in allowing Officer Spencer to testify as to the reason
Officer Dominguez arrested appellant because Officer Spencer lacked personal
knowledge of the reason for the arrest.








However, appellant did not object to any of the
complained of testimony at trial.  To
preserve error for appellate review, the complaining party must make a timely, specific
objection in the trial court and obtain a ruling on the objection.  Tex.
R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  Appellant did not preserve the alleged errors
for review. 

Additionally, even if appellant had objected to
the testimony at trial, the trial court would not have abused its discretion in
allowing the testimony.  We review a
trial court=s
decision to admit or exclude evidence under an abuse of discretion
standard.  Oprean v. State, 201
S.W.3d 724, 726 (Tex. Crim. App. 2006); Burden
v. State, 55 S.W.3d 608, 615 (Tex.
Crim. App. 2001).  An appellate court
will not reverse a trial court=s
ruling unless that ruling falls outside the zone of reasonable
disagreement.  Zuliani v. State,
97 S.W.3d 589, 595 (Tex.
Crim. App. 2003); Burden, 55 S.W.3d at 615.  Error in the admission of evidence is
nonconstitutional error and is, therefore, subject to a harm analysis under Tex. R. App. P. 44.2(b).  Potier v. State, 68 S.W.3d 657, 666
(Tex. Crim. App. 2002); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998); West v. State, 124 S.W.3d 732, 734 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d). 
Therefore, to obtain a reversal of a conviction based on error in the
admission of evidence, an appellant must show that the trial court=s ruling was in error and that the
error affected her substantial rights. 
Rule 44.2(b); West, 124 S.W.3d at 734.

The State properly authenticated the videotape of
the incident.  On appeal, appellant does
not assert that the videotape was inadmissible. 
Officer Spencer was present during the incident and saw appellant
charging toward the officers.  Officer
Spencer identified appellant in the videotape.  
Officer Spencer=s
testimony explained the contents of the videotape.  Officer Spencer=s
testimony was proper.  

However, even if the admission of the complained
of evidence had constituted error, the record does not demonstrate that
appellant was harmed by the evidence. 
Officer Spencer saw appellant charging toward the officers, and the jury
viewed the videotape of the incident. 
The videotape showed appellant advancing toward the officers.  We overrule appellant=s
third point of error.

                                                   This
Court=s Ruling

We affirm the judgment of the trial court.

 

TERRY McCALL

JUSTICE

February 15, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.