Opinion filed February 15, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed February 15, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00159-CV

                                                    __________

 

                                        IN THE MATTER OF S.O.T. 

                                                              



 

                                        On
Appeal from the County Court at Law 

 

                                                        Midland County, Texas

 

                                                  Trial
Court Cause No. JO5286

 



 

                                              M
E M O R A N D U M   O P I N I O N

This is
an appeal from a judgment adjudicating a juvenile of delinquent conduct.  The jury found that S.O.T. engaged in
delinquent conduct by interfering with the public duties of a peace officer.  Tex.
Pen. Code Ann. ' 38.15 (Vernon Supp. 2006).  The trial court placed S.O.T. on probation
for one year.  In two points of error,
appellant complains of insufficiency of the evidence and evidentiary error.  We affirm.

                                             The
State=s Petition for Delinquency Trial








The
State alleged that appellant engaged in delinquent conduct as defined in Tex. Fam. Code Ann. ' 51.03 (Vernon Supp. 2006).  Section 51.03(a)(1) defines delinquent
conduct as Aconduct, other than a traffic offense, that
violates a penal law of this state or of the United States punishable by
imprisonment or by confinement in jail.@  The
State alleged that, on or about May 31, 2004, A[appellant]
did then and there with criminal negligence, interrupt, disrupt, impede, and
otherwise interfere with peace officers, to wit:  [Gregory] Kent Spencer and [Marquez]
Dominguez, while said peace officers [were] performing a duty and exercising
authority imposed and granted by law, contrary to Section 38.15, Texas Penal
Code.@

                                                        Sufficiency
of the Evidence

In his first point of error, appellant asserts
that the evidence was insufficient to support the jury=s
verdict.  In his brief, appellant specifically
challenges the legal sufficiency of the evidence to support the jury=s finding that he engaged in delinquent
conduct.  Appellant does not specifically
refer to factual sufficiency of the evidence in his brief.  However, appellant did not limit his first
point of error to a legal sufficiency challenge.  Rather, appellant stated that Athe evidence was insufficient to
support the verdict.@  Therefore, we construe appellant=s first point of error as attacking the
legal and factual sufficiency of the evidence.








The adjudication of a juvenile as a delinquent is
based on the criminal burden of proof: beyond a reasonable doubt.  Tex.
Fam. Code Ann. '
54.03(f) (Vernon
Supp. 2006).  Therefore, we apply the
same standards of review in juvenile cases challenging the sufficiency of the
evidence as we do in criminal cases.  In
re L.F.L.T.B., 137 S.W.3d 856, 858 (Tex.
App.CEastland
2004, no pet.); In re Z.L.B., 115 S.W.3d 188 (Tex.
App.CDallas
2003, no pet.); In re E.R.L., 109 S.W.3d 123 (Tex.
App.CEl Paso
2003, no pet.); In re J.D.P., 85 S.W.3d 420 (Tex. App.CFort
Worth 2002, no pet.).  To determine if
the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15, 417; Johnson, 23 S.W.3d at 10-11. The jury, as the trier of
fact, is the sole judge of the credibility of the witnesses and of the weight
to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981), art. 38.04
(Vernon 1979).

The State alleged that appellant violated Section
38.15(a)(1) of the Penal Code.  Section
38.15(a)(1) provides that a person commits the offense of interference with
public duties if the person, with criminal negligence, interrupts, disrupts,
impedes, or otherwise interferes with a peace officer while the peace officer
is performing a duty or exercising authority imposed or granted by law.  Section 38.15(d) provides that it is a
defense to prosecution if the interruption, disruption, impediment, or
interference alleged consisted of speech only. 
Section 6.03 of the Penal Code defines criminal negligence:

A person acts with criminal negligence, or is
criminally negligent, with respect to circumstances surrounding his conduct or
the result of his conduct when he ought to be aware of a substantial and
unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree
that the failure to perceive it constitutes a gross deviation from the standard
of care that an ordinary person would exercise under all the circumstances as
viewed from the actor=s
standpoint.  

 

Tex. Pen. Code Ann.
' 6.03(d) (Vernon 2003).

Appellant argues that the evidence was
insufficient to support a finding that he violated Section 38.15(a)(1) for two
reasons.  First, appellant contends that
the evidence showed that his conduct during the incident in question consisted
of speech only.  Second, appellant
contends that the evidence failed to show that his actions interfered with the
duties of a peace officer.








Midland Police Officer Gregory Kent Spencer was
the only witness at trial.  Officer
Spencer testified that he was on patrol duty on May 31, 2004.  At about 1:20 a.m., Officer Spencer received
a call about an assault that had occurred at a residence on West Kansas Street in Midland. 
Officer Spencer said that, on his way to the location, a woman, whom
Officer Spencer identified as Ms. Wilkerson, waved him down and told him that a
person known to her had been choked at the residence.  The assault suspect resided at the
residence.  After talking with Wilkerson,
Officer Spencer then proceeded to the location. 
Wilkerson and several other people, including appellant and appellant=s sister, also went to the location in
a separate car. Officer Spencer said that Midland Police Officer Marquez
Dominguez also responded to the call. 
Officer Dominguez was not available to testify at trial.  He was stationed with the Army National Guard
in Iraq.

Officer Spencer testified that Wilkerson and
several other people, including appellant and appellant=s
sister, got out of their car and walked to the suspect=s
yard.  Officer Spencer believed that they
were going to start a fight.  He said
that they were hollering and screaming at people who were standing on the front
porch of the residence.  Officer Spencer
and Officer Dominguez told Wilkerson and the others to get back in their car,
but they refused to get back in the car. 
Officer Spencer testified that Wilkerson appeared to be very upset.  Wilkerson and the other people with her did
not like Officer Spencer telling her to get back in the car.  Officer Spencer said that, although Wilkerson
and the others eventually moved back in the general direction of their car,
they were screaming at him about it.

Officer Spencer testified that he talked with the
victim of the alleged assault in front of one of the patrol cars.  Officer Spencer was attempting to find out
the details of the alleged assault.  At
the same time, Officer Dominguez was talking with appellant.  Officer Spencer said that appellant was
upset.  Officer Spencer said that
appellant was screaming and that he heard appellant say that nobody was going
to talk to his Amama@ the way that Officer Spencer had when
he told her to get back in the car. 
Officer Spencer testified that, as he was talking with the victim, he
realized that appellant and Officer Dominguez were fighting and struggling.  Officer Spencer did not see or know what started
the struggle between appellant and Officer Dominguez.  However, the incident was videotaped by a
camera in Officer Spencer=s
patrol car, and the State introduced into evidence a copy of the
videotape.  The videotape showed that
Officer Dominguez and appellant were standing close to each other.  The videotape then showed that appellant
advanced toward Officer Dominguez until appellant got up against Officer
Dominguez.  The videotape then showed the
struggle between appellant and Officer Dominguez.  Officer Spencer testified that he ran over to
help Officer Dominguez.  Officer Spencer
said that, when he went to help Officer Dominguez, A[e]verybody
started coming after us, hollering and screaming and telling us we couldn=t do that.@  At some point, the officers gained control of
the situation.  Officer Dominguez
handcuffed appellant and placed him in the backseat of his patrol car.








Officer Spencer testified that, after Officer
Dominguez place appellant in the patrol car, the officers tried to talk with
the victim.  Officer Spencer said that
the victim was extremely upset, and the videotape showed that the victim was
upset about what had happened to appellant. 
Officer Spencer tried to calm the victim.  Officer Spencer said that he shouted at the
victim and told him to shut up.  The
suspect in the alleged assault of the victim was sitting on the front porch of
the residence.  The victim said that he
was going to get the suspect, and the victim headed to the front porch of the
residence.  Officer Spencer said that the
officers grabbed the victim and took him to the ground.  During the struggle with the victim, Officer
Spencer felt the victim=s
hands on his pistol. Officer Spencer then pepper sprayed the victim in the
face.  The pepper spray stopped the
victim, and the officers put the victim face down on the ground.  Officer Spencer testified that, while the officers
were handcuffing the victim, appellant=s
sister charged toward them.  Officer
Spencer said that appellant=s
sister had been warned to back up several times.  Officer Spencer saw appellant=s sister approaching Officer Dominguez
out of the corner of his eye.  Officer
Spencer thought that appellant=s
sister was going to hit Officer Dominguez. 
The videotape of the incident showed appellant=s
sister approaching the officers as Officer Dominguez was on his knees over the
victim. As appellant=s
sister approached the officers, she left the camera area.  The videotape then showed Officer Dominguez
lunging in the direction of appellant=s
sister.  Officer Spencer said that
Officer Dominguez took appellant=s
sister to the ground, handcuffed her, and placed her in one of the patrol cars.








Officer Spencer testified that the actions of
appellant and of appellant=s
sister interfered with, disrupted, impeded, or interrupted the officers=s investigation of the alleged
assault.  Officer Spencer said that the
officers could not conduct the investigation of the assault because of the
series of events involving appellant and his sister.  Officer Spencer identified conduct of
appellant and his sister that interfered with the investigation.  Specifically, Officer Spencer said that the
officers could not get anything done because of the hollering and screaming of
appellant and his sister and the others, that appellant and appellant=s sister would not get back in their
car even though the officers told them to do so, that appellant became involved
in the struggle with Officer Dominguez, and that appellant=s sister charged toward the officers.  Officer Spencer believed that appellant=s sister was going to assault Officer
Dominguez or him when she charged toward them. 
Officer Spencer was unable to talk with the assault suspect during the
series of events involving appellant and appellant=s
sister.

We hold, after reviewing the entire record using
the standards announced above, that the evidence was both legally and factually
sufficient to show that appellant interfered with the public duties of a peace
officer and that appellant=s
conduct consisted of more than speech. 
The evidence established that Officer Spencer and Officer Dominguez were
performing their duties of investigating an alleged assault.  As they attempted to investigate the alleged
assault, appellant screamed and yelled at them. 
Although the officers instructed appellant to get back in the car,
appellant refused to do so.  The
videotape showed appellant advancing toward Officer Dominguez until appellant
got right up against Officer Dominguez. 
The videotape showed appellant and Officer Dominguez struggling and
fighting with each other.  Although
Officer Spencer did not know why the struggle between appellant and Officer Dominguez
started, Officer Spencer saw appellant and Officer Dominguez during their
struggle.  Appellant=s affirmative conduct of advancing
toward Officer Dominguez and struggling with Officer Dominguez was more than speech.

The evidence supports a finding that appellant=s conduct interrupted, disrupted,
impeded, or otherwise interfered with the officers while they were performing
the duty of investigating the alleged assault. 
The struggle between appellant and Officer Dominguez required Officer
Spencer to leave his interview of the victim and to assist Officer
Dominguez.  Officer Spencer said that, as
a result of the series of events involving appellant and his sister, the
officers could not conduct the investigation that they were there to
conduct.  The evidence also supports a
finding that appellant ought to have been aware of a substantial and
unjustifiable risk that his actions in advancing toward and struggling with
Officer Dominguez would interrupt, disrupt, impede, or otherwise interfere with
the officers as they tried to investigate the alleged assault.








Appellant cites Carney v. State, 31 S.W.3d
392 (Tex. App.CAustin
2000, no pet.), in arguing that the evidence was insufficient to support the
jury=s finding
that he interfered with public duties. 
In Carney, the State alleged that the defendant interfered with
the duties of a peace officer by blocking the entry into a residence.  Carney, 31 S.W.3d at 396.  However, in Carney, there was no
evidence that the defendant blocked the police officer=s
entry into the residence by physical action. 
Id.
at 398.  In the absence of a physical
action of blocking the entry into the residence, the Carney court
concluded that the evidence was legally insufficient to support a finding that
the defendant=s conduct
constituted anything more than speech.  Id.  Therefore, the court held that the
evidence was legally insufficient to support the defendant=s conviction for interfering with the
public duties of a peace officer.  Id. at 398.

This cause is distinguishable from Carney.  In this cause, appellant engaged in physical
action by approaching and struggling with Officer Dominguez.  Appellant engaged in this action despite the
officer=s
instructions to get back in the car. 
Unlike the defendant=s
conduct in Carney, appellant=s
conduct did not consist of speech only. 
When a defendant undertakes affirmative physical action that interferes
with the public duties of a peace officer, the defendant=s
conduct does not consist of speech only. 
See Barnes v. State, 206 S.W.3d 601, 605-06 (Tex. Crim.
App. 2006) (defendant moved her vehicle forward during a traffic stop,
disregarded a police officer=s
safety commands by removing her hands from view, and shouted to her child to Arun@);
Berrett v. State, 152 S.W.3d 600, 604-05 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d) (defendant moved his arm to prevent
handcuffing and arrest); Key v. State, 88 S.W.3d 672, 676-77 (Tex. App.CTyler 2002, pet. ref=d) (despite officer=s instructions to stay on the sidewalk,
defendant stepped off of the sidewalk and approached people the police were
questioning).  

The courts in Berrett and Key held
that the evidence was legally and factually sufficient to support convictions
for interference with the public duties of peace officers.  Berrett, 152 S.W.3d at 604-05; Key,
88 S.W.3d at 676-77.  Similar to the
conduct of the defendants in Berrett and Key, appellant in this
cause engaged in affirmative physical action interfering with the duties of the
peace officers.

The evidence was legally and factually sufficient
to support the jury=s finding
that appellant interfered with public duties. 
We overrule appellant=s
first point of error. 

                                                                Evidentiary
Issues








In his second point of error, appellant complains
that the trial court abused its discretion in allowing Officer Spencer, a lay
witness, to testify as to a matter about which he had no personal
knowledge.  We review a trial court=s decision to admit or exclude evidence
under an abuse of discretion standard.  Oprean
v. State, 201 S.W.3d 724, 726 (Tex. Crim.
App. 2006); Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  An appellate court will not reverse a trial
court=s ruling
unless that ruling falls outside the zone of reasonable disagreement.  Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Burden,
55 S.W.3d at 615.  Error in the admission
of evidence is nonconstitutional error and is, therefore, subject to a harm
analysis under Tex. R. App. P.
44.2(b).  Potier v. State, 68
S.W.3d 657, 666 (Tex. Crim. App. 2002); Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998); West v. State, 124 S.W.3d 732, 734
(Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d).  Therefore, to obtain a reversal of a
conviction based on error in the admission of evidence, an appellant must show
that the trial court=s
ruling was in error and that the error affected his substantial rights.  Rule 44.2(b); West, 124 S.W.3d at 734.

Appellant claims in his brief that the trial court
erroneously admitted the following testimony elicited by the State from Officer
Spencer:

[PROSECUTOR]: 
Now, Officer Spencer, right there on the video did you see [appellant]
start approaching Officer Dominguez?

 

[OFFICER SPENCER]: 
Yes, sir, I did.

 

[PROSECUTOR]: 
Would that justify Officer Dominguez=s
actions in taking [appellant] into custody?

 

[DEFENSE COUNSEL]: 
Object to that question B
oh, I don=t know
where the Judge is.  Oh, over here.  I=m
sorry, Your Honor.  That is a leading
question, and I=m not
sure that he is qualified to B
to testify at all as to what would justify the other officer from doing
anything.

 

[THE COURT]: 
Overruled.

 

[PROSECUTOR]: 
Go ahead and answer the question.

 

[OFFICER SPENCER]: 
Taking him into custody?  I don=t know if he was taken into custody at
that time.  The way he advanced on
Officer Dominguez right there, Officer Dominguez got him out of his space,
which I would have done, and he put his hands on him.  And I don=t
know and nobody knows if he was placed under arrest at that time.

 

But the way he advanced on the officer, yes, sir,
I would have put my hands on him and backed him up, because I am not going to
let him approach me like that.

 

[PROSECUTOR]: 
Why?

 








[OFFICER SPENCER]:  Because
it=s a danger to my safety, sir. Nobody
will approach me in a hostile manner like that.

 

Thus, at trial, appellant objected to one of the
above questions on two grounds (1) that the prosecutor=s
question was a leading question and (2) that Officer Spencer was not qualified
to testify as to what would justify Officer Dominguez taking appellant into
custody.  On appeal, however, appellant
asserts that the above testimony was inadmissible for different reasons.  First, appellant asserts that the testimony
constituted improper lay opinion testimony regarding Officer Spencer=s interpretation of appellant=s acts and conduct.  Second, appellant asserts that the trial
court erred in allowing Officer Spencer to testify regarding the contents of
the videotape because Officer Spencer did not see the incident between
appellant and Officer Dominguez.  Third,
appellant asserts that the trial court erred in allowing Officer Spencer to
testify as to the reason Officer Dominguez arrested appellant because Officer
Spencer lacked personal knowledge of the reason for the arrest.

To preserve error for appellate review, the
complaining party must make a timely, specific objection in the trial court and
obtain a ruling on the objection.  Tex. R. App. P. 33.1(a); Wilson v.
State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995).  In addition, the objection on
appeal must comport with the objection that was made at trial.  Wilson,
71 S.W.3d at 349; Curry v. State, 910 S.W.2d 490, 495 (Tex. Crim. App.
1995); Broxton, 909 S.W.2d at 918. 
In this cause, appellant=s
grounds for error on appeal do not comport with the objection that he raised at
trial.  Therefore, appellant has failed
to preserve his complaints for review.  Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

Additionally, even assuming appellant=s objection at trial was sufficient to
preserve error, the trial court did not abuse its discretion in overruling the
objection.  The State properly
authenticated the videotape of the incident. 
On appeal, appellant does not assert that the videotape was
inadmissible.  Officer Spencer was
present during the incident and had personal knowledge of many of the details
shown in the videotape.  Officer Spencer
saw appellant fighting and struggling with Officer Dominguez.  Officer Spencer identified appellant in the
videotape.  Officer Spencer explained the
contents of the videotape.  Based on the
contents of the videotape and on his experience as a peace officer, Officer
Spencer was qualified to testify as to what would justify Officer Dominguez
taking appellant into custody.  Officer
Spencer=s
testimony was proper.  








However, even if the admission of the complained
of evidence had constituted error, the record does not demonstrate that
appellant was harmed by the evidence. 
The jury viewed the videotape of the incident.  The videotape showed appellant advancing
toward and struggling with Officer Dominguez. 
We overrule appellant=s
second point of error.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE   

        

February 15, 2007

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.